O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1377 AHM (RCx) | Date | February 27, 2009 |
|---|---|---|---|
| Title | FLORESITA DE LEON, *et al.* v. EMC MORTGAGE CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

     Today, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction against the three named defendants, seeking to enjoin a trustee's sale of Plaintiffs' residence scheduled for Monday, March 2, 2009. Plaintiffs' counsel states that yesterday evening he faxed the Application to Defendants EMC Mortgage Corporation and Quality Loan Service Corp. There is no indication that Defendant Mortgage Electronic Registration Systems has any notice of this Application. No opposition has been filed.

     The Court DENIES Plaintiffs' Application because they have failed to show either a likelihood of success on the merits or serious questions going to the merits.

     Plaintiffs argue first that Defendants have violated various federal statutes. The only federal statute mentioned in their Complaint that could be the basis for a stay of foreclosure is the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.*. Plaintiffs allege that they are entitled to rescission of the loan transaction under TILA, but they offer no supporting evidence. They have no evidence supporting their allegation that they are entitled to the three-year right of rescission because creditor(s) failed to provide them with the required notice of the right to rescind or any other "material disclosures." *Id.* §§ 1602(u), 1635(f). They also have proffered no evidence that there were any TILA violations. In fact, the declaration of Plaintiffs' counsel indicates that Plaintiffs received "the Truth in Lending Disclosures," contradicting the boilerplate allegations in their Complaint that Defendants failed to make disclosures required by TILA. *See* Declaration of Joel Bander ¶¶ 2, 4. Counsel asserts that three documents are missing from the file that his clients gave him, but none of those documents appears to have any relation to

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1377 AHM (RCx) | Date | February 27, 2009 |
|---|---|---|---|
| Title | FLORESITA DE LEON, *et al.* v. EMC MORTGAGE CORPORATION, *et al.* | | |

TILA.

     Plaintiffs also argue that Defendants have "no enforceable right to foreclose" on their house under California law because Defendants have offered no evidence that they possess any ownership interest in the loan. This assertion seems to be directed at Defendant Quality Loan Servicing Corp. ("Quality"), which issued the Notice of Default and Election to Sell. Plaintiffs' argument appears to be that although Quality may be the trustee on the Deed of Trust (Compl., Ex. 2), it has not shown that it possesses the underlying loan instrument, and thus does not have standing under California law to foreclose on their house. Plaintiffs have not provided any authority for this Court to stay a non-judicial foreclosure based on such an argument. Plaintiffs' counsel himself acknowledges that "foreclosure proceedings in the State of California are non-judicial and do not afford the opportunity for this type [of] inquiry into the right to enforce the note beyond the deed of trust." Bander Decl. ¶ 11. Accordingly, there also appears to be no basis in California law for a stay of the trustee's sale.

     No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |